KNOWLES LOOM WORKS v. RYLE. (Circuit Court, E. D. Pennsylvania. July 10, 1899.) Motion by Defendant for Judgment Notwithstanding the Verdict. J. Martin Rommel and J. G. Johnson, for plaintiff. Hampton L. Carson and Shiland &.Honeyman, for defendant.

McPHERSON, District Judge. Two questions are raised by this motion:

1. Is the defendant a bona fide purchaser for value of the silk company's bonds, so that he is at liberty to question the legal validity of the so-called "lease" made by the plaintiff to the silk company? There is no dispute upon this point. The question must be answered in the affirmative.

2. Was the contract between the plaintiff and the silk company a bailment or a conditional sale? To this question I think the answer must be that the contract was a conditional sale; the consequence being that it cannot be enforced against the defendant. It is unnecessary to discuss the testimony upon this point. I have read the notes of both trials, and see no essential difference between what appeared then and what appears now. There was a larger volume of testimony upon the second trial, but there is nothing to take the case out of the decision of the circuit court of appeals. 31 C. C. A. 340, 87 Fed. 976. The letter of March 16th summed up the preliminary negotiations between the parties, and constituted, as the court of appeals has said, "the original contract relating to this machinery." The parties may now insist that the contract was verbal, but, in view of the uncontradicted testimony, I am of a different opinion. With respect to the paper signed upon July 12, 1895, I do not think that the testimony taken upon the second trial in any degree· changes the situation as it was presented to the court of appeals. It is still necessary to say, as the court then said: "Regarding the two instruments of March 16th and July 12th as parts of one and the same transaction,—which is the most favorable view that can be taken for the Knowles Loom Works,—the conclusion is irresistible, that the transaction is not a bailment, but a sale of the machinery, with the lease as security for the price." Of course, if the above conclusions are correct, the plaintiff's argument that the looms were not fixtures, because the parties to the contract did not intend them to be fixtures, need not be considered. If the looms were sold, and not leased, the plaintiff had no further interest in them, and has no standing to insist now that they did not become fixtures. We direct judgment to be entered for the defendant upon the reserved point notwithstanding the verdict. Exception to the plaintiff.

MORGAN et al. v. EMPIRE RUBBER MFG. CO. (Circuit Court, S. D. New York. June 26, 1899.) Motion to Punish for Contempt. D. W. Cooper, for the motion. Edward P. Lyon, opposed.

LACOMBE, Circuit Judge. Neither the decree nor the injunction contain any reservation to defendant of the right to sell any of the old stock on hand. Upon the record, then, defendant is guilty of contempt. It is contended in its behalf that there was at the time of the entry of the decree some verbal agreement to allow it to dispose of the few infringing articles it then possessed. This contention is disputed, but apparently defendant's officers believed such agreement was made. A nominal fine of $25 seems sufficient penalty, under these circumstances, for disobedience of the injunction.